HAMMER & ASSOCIATES, P.C.
JEFFREY C. WATSON - NC#34278
ROBERT H. HAMMER III - NC#27496
BLAKE E. VANDEGARDE - NC#37396
3125 Springbank Lane
Suite G
Charlotte, NC 28226
Telephone: (704) 927-0400
Facsimile: (704) 927-0485

Attorneys for Plaintiff
ICS NORTH AMERICA CORP.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| ICS NORTH AMERICA CORP., a North Carolina corporation d/b/a Reality Check Sports<br>Plaintiff,<br>v.<br>LEON C. EDWARDS of Dallas, Texas<br>Defendant. | Civil Action No.: 3:11-cv-483<br><br>**COMPLAINT FOR DECLARATORY JUDGEMENT OF NON-INFRINGEMENT** |

For its complaint, Plaintiff ICS North America Corp. ("ICS"), by and through its attorneys Hammer & Associates, P.C., avers as follows:

## THE PARTIES

1. ICS is a corporation organized under the laws of the State of North Carolina, with its principal place of business in Concord, North Carolina, which is within the Western District of North Carolina. ICS is, and was at all times herein mentioned, qualified to do business in North Carolina. ICS sells sports apparel marketed under the name of REALITY CHECK SPORTS. ICS provides sports apparel to teams through distributors and dealers, including numerous individuals and entities within the jurisdiction of this Court.

2. Defendant LEON C. EDWARDS ("Mr. Edwards") of Dallas, Texas is the owner of US Trademark Registration No. 2,818,423 for a mark consisting of a stylized capital R with the inset words "REALITY CHECK" for clothing, namely, shirts, pants and shoes (US Reg. No. '423). Based on information and belief, Mr. Edwards is engaged in the business of selling clothing, namely shirts and hats, and advertised and sells such products via the Internet to customers within the jurisdiction of this Court.

## VENUE AND JURISDICTION

3. Jurisdiction is proper is this court because this litigation arises under federal law, namely 17 U.S.C. § 1051 et seq. (Lanham Act). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

4. This Court has personal jurisdiction over Mr. Edwards because Mr. Edwards, on information and belief, conducts business in the State of North Carolina and within this district,

including advertising and sale of its products through the Internet (http://realitychecksports.net/) to North Carolina residents.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and 1391(c).

6. An actual case or controversy has arisen between the parties. Mr. Edwards has threatened litigation against ICS, and has asserted that ICS's sale of sports apparel constitutes trademark infringement. These statements threaten injury to ICS.

## GENERAL ALLEGATIONS

### I. The Present Dispute

7. On January 10, 2011, Mr. Terry Fahmey, owner of ICS, received a letter from Michael P. Wortham, an attorney at the Wortham Law Firm, counsel to Mr. Edwards. A copy of that letter is attached hereto as Exhibit A.

8. Mr. Wortham claimed that Mr. Edwards is the registered owner of US Reg. No. '423.

9. Mr. Wortham alleged that Mr. Edwards has been using the mark since 1995.

10. Mr. Wortham then claimed that ICS's business under the name of "Reality Check Sports", use of the website address www.REALITYCHECK-SPORTS.COM, use of the FaceBook site at www.facebook.com/pages/Reality-Check-Sports/157225857360, and use of a checkmark as the letter "l" in the phrase "Reality Check" was confusingly and/or deceptively similar to Mr. Edwards mark and constitutes infringement upon Mr. Edwards rights in violation of federal trademark laws under the Lanham Act.

11. Mr. Wortham then demanded that ICS immediately: 1) cease and desist use of the mark "Reality Check"; 2) cease and desist conducting business under the "Reality Check" name; 3) cease and desist operating a website and FaceBook page using the "Reality Check" name; cease and desist advertising using the "Reality Check" mark; and 5) withdraw, cancel and/or delete any

corporate names, domain names, social media names, trade name registrations or other type registrations for or including "Reality Check" and the checkmark.

12. Mr. Wortham then alleged that Mr. Edwards has sustained damages as a result of ICS's actions which would be addressed at a later date.

13. On January 21, 2011 Robert H. Hammer III of Hammer & Associates, PC sent a letter to Mr. Wortham on behalf of ICS dismissing Mr. Edwards claims as having no merit.

14. Mr. Hammer explained to Mr. Wortham that upon information and belief US Reg. No. '423 is not a valid mark as Mr. Edwards has abandoned the mark under 15 U.S.C. § 1127, may have committed misrepresentation/fraud on the Trademark Office when filing the renewal of the trademark registration, and may have made other misrepresentations to the Trademark Office when he filed an intent to use application under section 1(b) and subsequently alleged use as early as November 11, 1995.

15. Mr. Hammer further explained that there was no likelihood of confusion between ICS's use of the "REALITY CHECK SPORTS" line of sports apparel and Mr. Edwards US Reg. No. '423 mark consisting of a stylized capital R with the inset words "REALITY CHECK, because Mr. Edwards' marks is a weak mark under the *Dupont* factors test (476 F.2d 1357, 1363 (CCPA 1973)), and because ICS does not use the stylized R, which is the dominant portion of the mark.

16. On February 24, 2011 Mr. Wortham sent a letter back to Mr. Hammer reaffirming Mr. Edwards position and restating the same demands.

17. Between March 3, 2011 and June 27, 2011, ICS and Mr. Edwards, through their respective attorneys, entered into settlement negotiations where ICS would manufacture products for Mr. Edwards at a discounted rate and ICS would continue use of the "REALITY CHECK SPORTS" line of sports apparel.

18. On June 27, 2011, Mr. Wortham sent an email to Mr. Hammer stating that Mr. Edwards has reconsidered and is now requesting $150,000 per year with a 15% royalty on every product sold under the "REALITY CHECK SPORTS" line. In addition, Mr. Wortham explained that there would also have to be an accommodation for past products sold.

## II. No Trademark Infringement

19. Based upon information and belief, US Reg. No. '423 is not a valid mark as Mr. Edwards has abandoned the mark.

20. Based upon information and belief, US Reg. No. '423 is not a valid mark as Mr. Edwards has made misrepresentation/fraud on the Trademark Office when filing the renewal of the trademark registration.

21. Based upon information and belief, US Reg. No. '423 is not a valid mark as Mr. Edwards has made misrepresentations/fraud to the Trademark Office when he filed an intent to use application under section 1(b) and subsequently alleged use as early as November 11, 1995.

22. ICS has marketed and sold its distinctive line of sports apparel under the REALITY CHECK SPORTS line in this country since at least 2008 through distributors and dealers.

23. Based upon information and belief, neither ICS nor Mr. Edwards knows of any single bona fide instance of confusion.

24. Based upon information and belief, there is no reasonable likelihood of confusion, mistake, or error in the marketplace from ICS's apparel sold under the REALITY CHECK SPORTS line and Mr. Edwards' US Reg. No. '423 mark consisting of a stylized capital R with the inset words "REALITY CHECK".

## CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of Trademarks, 15 U.S.C. §1051 et seq.)

25. ICS incorporates by reference the allegations contained in paragraphs 1 through 24, inclusive.

26. Mr. Edwards has claimed that ICS's "REALITY CHECK SPORTS" line of sports apparel constitutes trademark infringement, and has threatened to bring a lawsuit against ICS on this basis.

27. An actual, present and justiciable controversy has arisen between ICS and Mr. Edwards concerning ICS's right to sell sports apparel under the "REALITY CHECK SPORTS" line.

28. ICE seeks declaratory judgment from this Court that its current use of the "REALITY CHECK SPORTS" line of sports apparel does not constitute trademark infringement.

## PRAYER FOR RELIEF

WHEREFORE, ICS respectfully requests that the Court:

29. Enter judgment according to the declaratory relief sought;

30. Award ICS its costs in this action;

31. Enter such other further relief to which ICS may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, ICS hereby demands a jury trial on all issues so triable.

Date: 9/27/11

HAMMER & ASSOCIATES, PC

Jeffrey C. Watson
*Attorney for the Plaintiff*
ICS North America Corp.